AQUILÚE *v.* ABREU ET AL.

APPEAL from the District Court of Arecibo.

No. 7.—Decided December 23, 1903.

AWARD OF PROPERTY —TITLE.—The award of real property constitutes a title of ownership in favor of the person to whom the same has been judicially assigned, which title shall prevail against a third person, provided it has been duly recorded in the registry of property of the district where the property awarded is situated.

RESTITUTION OF PROPERTY —PRODUCTS.—The obligation to restore an estate upon which an attachment has been improperly levied, carries with it the obligation to restore all the crops collected and such as might have been collected as products of such estate.

AWARD OF PROPERTY —POSSESSION.—The possession of real estate is a presumption of possession of the movables and objects contained thereon, unless it is proven that they should be excluded.

STATEMENT OF THE CASE.

This is a complaint in intervention of ownership, instituted in the District Court of Arecibo by Vicente Aquilúe, plaintiff, represented and defended in this Supreme Court by his counsel, Rafael López Landrón, Esq., against José Domingo Abreu and Andrés Avelino Delgado, defendants, the former represented first by Herminio Díaz Navarro and afterwards by Ramón Nadal Santa Coloma, and the latter, namely, Delgado, being declared in default, which case is pending before us on appeal in cassation, now appeal, taken by both Aquilúe and Abreu, from the judgment rendered and decision explanatory thereof which, literally transcribed, read as follows:

"Judgment No. 45.—In the town of Arecibo, December eighteenth,

Diciembre de mil novecientos uno.—Vista en juicio oral y público ante este Tribunal de Distrito la tercería de dominio promovida por Don Vicente Aquilué, mayor de edad, propietario, vecino de Lares, soltero, y, por su propio derecho, representado por el Letrado Don Simón Largé, contra Don José Domingo Abreu, agricultor, vecino de Hatíllo, representado por el Abogado Don Ramón Nadal, y Don Andrés Avelino Delgado, en rebeldía, también agricultor y vecino de Utuado.

*Resultando*: que en los autos ejecutivos seguidos ante este Tribunal de Distrito por Don José Domingo Abreu contra Don Andrés A. Delgado, fueron embargados por el primero, como de la propiedad del segundo, una finca rústica compuesta de sesenta cuerdas más ó menos, igual á veinte y tres hectáreas, cincuenta y ocho áreas y veinte y cuatro centíareas de terreno quebrado, ubicada en el barrio de "Angeles", fincada en su mayor parte de café, plátanos, guineos, frutos menores y pastos: que colinda por el Norte con el deudor Señor Delgado; por el Sur con la Sucesión de Don Manuel Cortés y antiguo camino que conducía á Lares, así como Don José Domingo y Doña Carolina Abreu; por el Este y Oeste, el referido Don Andrés Avelino Delgado, en cuyo terreno radica un ranchón sin cerca, techado de paja, que mide veinte y siete varas de largo por seis de ancho; una casa de maderas del país, techada de paja, de cinco varas de largo por seis de ancho; un ranchón de diez y seis varas de largo por siete de ancho, sin cerca, de maderas del país, y techado de paja, que radica en una finca rústica compuesta de ciento ochenta cuerdas que fué adjudicada á Don Vicente Aquilué en el ejecutivo seguido por los Señores Lecaroz y Ca., contra el deudor Don Andrés A. Delgado; otra casa de maderas del país, con techo de zinc, que mide cinco varas de frente por seis de fondo, dos bohios cercados de maderas del país, y techados de paja, de cuatro varas de fondo, por cinco de frente; otra casita de maderas del país, techada de yaguas, de ocho varas de frente por seis de fondo. Esta última casa se encuentra enclavada en una finca de treinta y seis cuerdas adjudicadas á Don Vicente Aquilúe, y las otras tres radican en las ciento ochenta cuerdas ya descritas. Dos glasis de mampostería que miden, el uno, veinte y seis varas de largo por ocho de ancho, y el otro, veinte varas de largo por ocho de ancho y que asi mismo enclavan en las ciento ochenta cuerdas ya descritas y que fueron adjudicadas á Don Vicente Aquilúe. Y no existiendo otros bienes conocidos fueron despositados en el mismo deudor Don Andrés A. Del-

one thousand, nine hundred and two.—The oral and public hearing was had in this District Court, in an action in intervention of ownership prosecuted by Vicente Aquilúe, of legal age, landowner, a resident of Lares, unmarried, and in his own right, represented by Attorney Simón Largé, against José Domingo Abreu, a farmer, resident of Hatillo, represented by Attorney Ramón Nadal, and Andrés Avelino Delgado, in default, also a farmer and a resident of Utuado.

"In summary proceedings instituted in this court by José Domingo Abreu against Andrés A. Delgado, a farm was attached by the former as belonging to the latter, said farm consisting of sixty *cuerdas,* more or less, or twenty-three hectares, fifty-eight ares, four centares of broken lands, situated in *barrio* 'Angeles,' the greater part of which was planted with coffee, plantains, bananas, small fruits and pasture. This property is bounded on the north by lands belonging to the debtor, Delgado; on the south by the Estate of Manuel Cortés and the old Lares road, as also by the lands owned by José Domingo and Carolina Abreu; and on the east and west by lands belonging to the aforesaid Andrés Avelino Delgado. Upon said property there stand an open straw-roofed shed twenty-seven *varas* long by six wide; a straw-roofed house, of native wood, five *varas* deep by six wide; an open thatched shed, built of native wood, sixteen *varas* long by seven wide, situated on a farm consisting of one hundred and eighty *cuerdas* that was adjudicated to Vicente Aquilúe in execution proceedings prosecuted by Lecaroz & Co. against the debtor, Andrés A. Delgado; another house built of native wood, having a zinc roof and measuring five *varas* in front by six deep, two straw-roofed huts enclosed with native wood, four *varas* deep by five in front; another small palm-roofed house built of native wood, measuring eight *varas* in front by six deep. The last mentioned house stands on a piece of land consisting of thirty-six *cuerdas,* awarded to Vicente Aquilúe, and the other three on the one hundred and eighty *cuerdas* already described. Two masonry terraces for drying coffee, one measuring twenty-six *varas* long by eight wide, and the other twenty *varas* long by eight wide, both standing likewise on the one hundred and eighty *cuerdas* already described which were awarded to Vicente Aquilúe. And there existing no other known property, the movable property attached, namely, the timber and crops ready to be gathered from the above-described farms was deposited with the debtor, Andrés A. Delgado, under the admonitions contained in Judicial Order No. 57,

gado los bienes muebles embargados ó sean las maderas y frutos pendientes de recolección de las fincas rústicas descritas, haciéndose al Señor Delgado las prevenciones contenidas en la Orden Judicial No. 57 de 5 de Mayo de 1899, cuyo depositario fué después, á solicitud del mismo Delgado, sustituido por Don Liborio Bello.

2.—*Resultando* : que poco tiempo después Don Vicente Aquilúe, representado por el Abogado Don Simón Largé, formuló demanda de tercería de dominio sobre los bienes embargados, alegando que Don Andrés A. Delgado era dueño y poseedor de una finca rústica sita en el barrio de Angeles, término municipal de Utuado, de una cabida de ciento ochenta cuerdas, equivalentes á setenta hectáreas setenta y cuatro áreas y setenta y dos centiáreas, con plantaciones de café, guineos y otro frutos, pastos, malezas y montes; colindando por el Norte con tierras de Don Miguel Pozo y de la Sucesión de Sebastián González; por el Este ó Saliente con tierras de Don Plácido Gonzalez y de la referida Sucesión de Don Sebastián Gonzalez; por el Sur, con el camino viejo que conduce de Utuado á Lares, tierras de Don Juan Rodriguez y el río Angeles, y por el Oeste ó Poniente, con tierras de Don Rafael Pio Soto, de Doña Severiana Martinez, de los citados Rodriguez y Pozo, río Angeles y con tierras de Don Santos Soto y Don Manuel Reyes; que en cinco de Enero de mil ochocientos noventa y nueve, la mercantil de Lares, Lecaroz y Ca., acreedora de Don Andrés A. Delgado, por una respetable suma de miles de pesos, solicitó fundadamente del extinguido Juzgado de Primera Instancia, de Utuado, embargo preventivo de bienes de la pertenencia del deudor Delgado, por la cantidad de catorce mil setecientos noventa y un pesos sesenta y nueve centavos, moneda provincial, de capital, y dos mil pesos para intereses y costas, cuyo embargo se decretó el día seis del propio Enero, recayendo, entre otras fincas, sobre una rústica sita en el barrio de Angeles, término de Utuado, compuesta de ciento ochenta cuerdas equivalentes á setenta hectáreas, setenta y cuatro áreas y setenta y dos centiáreas, con plantaciones de café, guineos, pastos malezas, montes, etc., etc., con lindes, por el Norte, con Don Miguel Pozo, por el Este, con Don Plácido González, Don Juan Rodríguez y el río de Angeles, y por el Oeste, con Don Rafael Rios Soto; que la finca rústica descrita primeramente es la misma embargada preventivamente entre otras y ejecutada por Lecaroz y Ca., á Delgado y hoy del dominio de Don Vicente Aquilúe, pues si bien en la descripción de aquélla resultan colindantes de ellas, por el Sur, el camino viejo de Utuado á Lares,

of May 5, 1899, he being subsequently on his own request replaced by Liborio Bello.

"Shortly afterwards Vicente Aquilúe, through his attorney, Simón Largé, brought an action in intervention of ownership as to the attached property, alleging that Andrés A. Delgado was the owner and possessor of a farm situated in *barrio* 'Angeles,' within the municipal district of Utuado, consisting of one hundred and eighty *cuerdas,* equal to seventy hectares, seventy-four ares and seventy-two centares, planted with coffee, bananas and other fruits, pastures, undergrowth and woods, the same being bounded on the north by lands belonging to Miguel Pozo, and the Estate of Sebastian González; on the east by lands of Plácido González and of the aforesaid Estate of Sebastián González; on the south, by the old road leading from Utuado to Lares, lands belonging to Juan Rodríguez and the 'Angeles' river; and on the west, by lands belonging to Rafael Pio Soto, Mrs. Severiana Martínez, the aforesaid Rodríguez and Soto, the 'Angeles' river, and lands belonging to Santos Soto and Manuel Reyes; that on January 5, 1899, the Lares firm, Lecaroz & Co., creditors of Andrés A. Delgado, in a sum of money amounting to thousands of dollars, made application to the former Court of First Instance of Utuado, giving good reasons for an attachment of property belonging to the debtor Delgado, in the sum of fourteen thousand seven hundred and ninety-one *pesos* and sixty-nine *centavos,* provincial money, as principal, and two thousand *pesos* for interest and costs, which attachment was decreed on the 6th of said month of January and levied among other properties, on a farm situated in *barrio* 'Angles,' within the municipal district of Utuado, consisting of one hundred and eighty *cuerdas,* equal to seventy hectares, seventy-four ares and seventy-two centares, with plantations of coffee, bananas, pastures, brush, woods, etc., etc., bounded on the north by lands belonging to Miguel Pozo, on the east by lands belonging to Plácido González, Juan Rodríguez, and the river 'Angeles,' and on the west by the property of Rafael Rios Soto; that the farm first described is the same one that among others had been attached as a cautionary measure and executed by Lecaroz & Co. in proceedings against Delgado, and is now owned by Vicente Aquilúe, for although in the description of the former it appears bounded on the south by the old road

tierras de Don Juan Rodriguez y el rio Angeles, y en la de la segunda aparecen estas dos últimas colindancias al Este, sin designar colindante alguno por el Sur, apareciendo por el Oeste en la descripción segunda Rafael Rios Soto, en vez de Rafael Pio Soto, que figura en la primera, obedece á omisión involuntaria ó error material de pluma que no implica diferencia en las fincas; que la certificación del Registrador que acompaña acredita además que la finca embargada por Lecaroz y Ca. á Delgado, descrita en segundo lugar, hoy de Don Vicente Aquilúe, es la misma descrita primeramente, y que la circunstancia de que no se nombre en la descripción de la finca segunda al colindante, Sucesión de Sebastián González, que aparece por el Norte y Este en la descripción primera, así como el que tampoco se haga mención al describir la finca en segundo lugar de los colindantes Severiana Martinez, los expresados Rodriguez y Pozo, río Angeles y tierras de Don Santos Soto y de Manuel Reyes que figuran por el Oeste al describirla en primer lugar, obedece, ó bien á omisión involuntaria cometida al solicitar y practicar el embargo de Lecaroz y Ca., ó á modificación y cambio de dueño de los terrenos con que linda la finca en cuestión por dicho punto, lo que ha podido venir á reducir las colindancias á las que actualmente tiene, ó sean: por el Norte, terrenos que fueron de Don Miguel Pozo, hoy Don Vicente Aquilúe, y tierras de Don Andrés A. Delgado; por el Sur, el río Angeles, tierras de Don José Domingo Abreu, y Doña Carlina Abreu, antes Don Juan Rodriguez, y el camino viejo que va de Utuado á Lares; por el Este, con tierras de Don Plácido González, hoy Don Zacarías Diaz Bello; por el Oeste, con Don Rafael Pio Soto, Juan Luis Sotomayor é Isidro Vega; que practicado el embargo siguió Lecaroz y Ca. la ejecución contra Don Andrés A. Delgado, ratificándose dentro de término el preventivo, y decretándose el ejecutivo que se llevó á cabo en las fincas ya embargadas preventivamente, haciéndose á más extensivo á los frutos que dichas fincas produjeran, y seguido el juicio por sus trámites, dentro del que se opuso el ejecutado, se dictó sentencia mandando seguir la ejecución adelante hasta hacer trance y remate de los bienes embargados y con su producto entero y cumplido pago al acreedor de principal, intereses y costas; que notificada la sentencia á las partes, el ejecutado Delgado estableció los recursos de Ley, y como conviniera al ejecutante Lecaroz y Ca. llevar en seguida á efecto por la vía de apremio la sentencia de remate pronunciada, no obstante la apela-

from Utuado to Lares, by lands of Juan Rodríguez and the river 'Angeles,' and in that of the second, these last boundaries appear on the east, and no boundaries are given on the south, while in the second description it appears to be bounded on the west by lands of Rafael Ríos Soto, instead of Rafael Pío Soto, mentioned in the first description, this is due to an involuntary omission or clercial error, implying no difference as to the properties; that the registrar's certificate which he presents shows moreover, that the property of Delgado attached by Lecaroz & Co., described in the second place, now belonging to Vicente Aquilúe, is the same one that was first described, and the fact that in the second description of the property no mention is made of the adjoining Estate of Sebastián González, which in the first description appears on the north and east, nor of the contiguous landowners Severiana Martínez, the aforesaid Rodríguez and Pozo, the 'Angeles' river and lands belonging to Santos Soto and Manuel Reyes, which appear to be on the west in the first description, this is due either to an involuntary omission made when the attachment by Lecaroz & Co. was applied for and levied, or to a modification and change of ownership of the lands adjoining the farm on that side, which may have reduced the boundaries to what they are at present, namely, on the north, lands once belonging to Miguel Pozo, now the property of Vicente Aquilúe, and those owned by Andrés A Delgado; on the south, the 'Angeles' river, lands belonging to José Domingo Abreu, formerly to Juan Rodríguez, and the old Utuado-Lares road; on the east, by lands owned by Plácido González, now by Zacarías Díaz Bello; on the west by lands of Rafael Pío Soto, Juan Luis Sotomayor and Isidro Vega; that the attachment being levied, Lecaroz & Co. instituted execution proceedings against Andrés A. Delgado, the cautionary attachment having been ratified within the prescribed period; the decree of execution was thereupon issued and the same was levied on the attached properties, and was also made to include the crops produced by said properties; proceedings were duly had the same being opposed by the execution debtor, and judgment was then rendered ordering the execution to be proceeded with until the attached property and the products thereof had been sold and with the proceeds that payment in full be made to the creditor of principal, interest and costs; that notice of the judgment having been served upon the parties, the execution debtor, Delgado, took the appeals allowed by law, and as the execution creditor, Lecaroz & Co., deemed it to their interest to have the judgment ordering the

ción establecida por Delgado, lo solicitó así del Juzgado, ofreciendo
á ese fin la necesaria fianza para responder de todo lo que percibiese
en el caso de que por ser revocada la sentencia estuviere Lecaroz y
Ca., obligado á devolverlo, cuya fianza hipotecaria, por cierto, prestó
cumplidamente el actor dentro del término de Ley y admitida y esti-
mada bastante por el Juez remitiéronse los autos originales al Tri-
bunal Supremo, con emplazamiento de las partes, quedando en el
inferior testimonio de lo conducente para la ejecución de la sen-
tencia; que como consecuencia de esto; y á fin de hacer efectiva la
sentencia de remate dictada, se abrió la vía de apremio á solicitud
del actor, y seguida ésta por sus trámites y llenados que fueron
todos los requisitos de la Ley, á instancia del ejecutante, se sacaron
á pública subasta los bienes embargados y, señalado día para el re-
mate, como no concurriera licitador alguno, Lecaroz y Ca. solicitó
la adjudicación de dichos bienes por las dos terceras partes del avalúo
y á calidad de ceder el remate á un tercero, cuya acta, en que así
consta, fué aprobada por este Tribunal que dictó auto en seis de
Febrero de 1900, adjudicando los bienes embargados á la Sociedad
ejecutante, cuyo auto quedó firme por haber sido desestimados los
recursos que interpusiera la representación del ejecutado; que ad-
judicados los bienes á Lecaroz y Ca., esta mercantil, haciendo uso del
derecho que se reservara en el acto del remate, cedió éste al tercero
Don Vicente Aquilúe, que pagó á Lecaroz y Ca., como precio de la
cesión, el importe de las dos terceras partes del avalúo ofrecidas, por
cuya suma se pidió la adjudicación de dichos bienes y el Tribunal
por su provisto de primero de Marzo último, de conformidad con
lo solicitado por el actor, acordó se entendiese la adjudicación ameri-
tada á favor de Don Vicente Aquilúe, á quien pasaron los bienes
y con ellos la finca de ciento ochenta cuerdas á que se ha hecho refe-
rencia y la posesión judicial de tales bienes, aprobándose, así mismo,
la liquidación de capital, intereses y costas; que librada la oportuna
carta orden al Juez Municipal de Utuado, al efecto de la posesión
judicial el Juzgado, el día dos de Abril último, la dió, entre otros
bienes de la predicha finca rústica, de ciento ochenta cuerdas, al
nuevo dueño Don Vicente Aquilúe, quien viene poseyendo desde en-
tonces, á título de dueño, dichos bienes y practicando en los mismos
actos revelativos del dominio pleno que sobre ellos tiene; que cedidos
por Lecaroz y Ca. los bienes ejecutados al Señor Aquilúe, resulta que
éste es el único legítimo dueño y poseedor de la precitada finca de
ciento ochenta cuerdas de que ya se ha hecho mérito; que con pos-

sale enforced immediately, they prayed the court that compulsory proceedings be had notwithstanding the appeal taken by Delgado offering to furnish bond to answer for the restitution of whatever amount he might receive, in case the judgment was reversed and Lecaroz & Co. called upon to make good such amount; said mortgage bond was duly executed by the plaintiff within the period fixed by law, and the same having been deemed sufficient by the judge it was approved and the original record was forwarded to the Supreme Court and the parties cited to appear, a certified copy of the portion of the judgment necessary for the execution being left with the lower court; that as a consequence of this, and for the purpose of securing the effectiveness of the judgment ordering the sale, the compulsory proceedings were instituted at the request of the plaintiff; after these proceedings were duly had and all the requirements of the law complied with, upon the demand of the execution creditor the attached property was offered at public auction, a day being fixed therefor; as no bidder appeared Lecaroz & Co. asked that said property be awarded to them for two-thirds of the appraised value thereof, they to convey the same to a third party; the instrument recording this transaction was approved by this court, and a decision issued under date of February 6, 1900, awarding the attached property to the execution creditors, which decision became final upon the dismissal of the appeals taken by counsel for the execution debtor; that the property was awarded to Lecaroz & Co., which firm, making use of the right reserved to it at the public sale, assigned the award to the third party, Vicente Aquilúe, who paid Lecaroz & Co. for said assignment, the two thirds of the appraised value that had been bid; the award of the property was requested to be made for said amount, and the court by its decree of March 1 of the same year, in conformity with the request of the plaintiff, decided that the aforesaid award should be understood to have been made in favor of Vicente Aquilúe, to whom the property was thus transferred, including therein the one hundred and eighty cuerdas hereinbefore referred to, as also the judicial possession thereof, the liquidation of the principal, interest and costs being likewise approved; that the proper letters mandatory having been issued to the municipal judge of Utuado, for the purposes of the judicial possession, the said judge gave such possession of one hundred and eighty cuerdas, along with other properties included therein, to the new owner, Vicente Aquilúe, who has since been holding said property, as its rightful owner and performing acts of a character show-

terioridad á la adquisición por el Señor Aquilúe de los bienes embargados á Delgado y ejecutados por Lecaroz y Ca., se ha embargado como de la propiedad de Don Andrés A. Delgado, y á virtud de juicio ejecutivo seguido contra éste por Don José Domingo Abreu, entre otros bienes, una porción de terrenos ó finca rústica radicada en el barrio de Angeles, término Municipal de Utuado compuesta de sesenta cuerdas más ó menos, igual á veinte y tres hectáreas, cincuenta y ocho áreas y veinte y cuatro centiáreas, á café, plátanos y guineos, frutos menores y pastos; en lindes por el Norte, el referido Señor Delgado; por el Sur, la Sucesión de Don Manuel Cortés y antiguo camino que conducía de Utuado á Lares así como Don José Domingo Abreu y Doña Carlina Abreu, y por el Este y Oeste, el referido Delgado; pero resulta que la porción de terreno ó finca descrita anteriormente, forma parte íntegra y está enclavada dentro de las colindancias de la finca de ciento ochenta cuerdas á que se ha hecho mención; que en la diligencia de embargo llevada á cabo contra Delgado por Abreu, en virtud del juicio ejecutivo que éste le sigue, se equivocan las colindancias de la porción de sesenta cuerdas más ó menos de terreno embargadas; y no se tiene en cuenta que tal porción de terreno se encuentra y radica dentro de la repetida finca de ciento ochenta cuerdas del Señor Aquilúe y para demostrarlo señala las verdaderas colindancias de la indicada porción de terreno, que son: por el Norte, tierras de Don Andrés A. Delgado, por el Sur, tierras de Don José Domingo Abreu y de Doña Carlina Abreu y el camino antiguo que conduce de Utuado á Lares, y el cual separa dicha porción de tierras de la Sucesión de Don Manuel Cortés; por el Este, Don Plácido González, hoy Don Zacarías Díaz Bello, y por el Oeste, Don Vicente Aquilúe, antes Don Andrés A. Delgado; que para evidenciar el hecho de que la porción más ó menos de sesenta cuerdas de terreno embargadas por Don José Domingo Abreu, como de la propiedad de Don Andrés A. Delgado es parte integrante de las ciento ochenta cuerdas del dominio del Señor Aquilúe, basta tener en cuenta que de las colindancias de dicha porción la que en la diligencia de embargo se cita por el Oeste, está dentro del cuerpo de la finca de ciento ochenta cuerdas pertenecientes al Señor Aquilúe con quién hoy colinda por ese lado, y las que se le asignan por el Norte, Sur y Este, corresponden á las mismas que por los propios lados aparecen en las fincas de ciento ochenta cuerdas, coincidiendo las de estos tres últimos puntos cardinales de la porción embargada por Abreu con las mismas que aparecen por los propios puntos cardinales

ing his full ownership thereof; that the property sold under execution proceedings having been assigned by Lecaroz & Co. to Aquilúe, he is the only legitimate owner and possessor of aforesaid tract of one hundred and eighty *cuerdas,* of which mention has been made; that after the acquisition by Aquilúe of the property of Delgado which had been attached and sold by Lecaroz & Co., in summary proceedings instituted against Andrés A. Delgado by José Domingo Abreu, an attachment had been levied, among other properties, on a tract of land or farm, as belonging to said Delgado, situated in *barrio* 'Angeles,' within the municipal district of Utuado, consisting of sixty *cuerdas,* more or less, equal to twenty-three hectares, fifty-eight ares and twenty-four centares, planted with coffee, plantains and bananas, small fruits and pasture, the same being bounded on the north by lands belonging to aforesaid Delgado, on the south by the Estate of Manuel Cortés, the old Utuado-Lares road and property owned by José Domingo Abreu and Carolina Abreu, and on the east and west, by lands belonging to the said Delgado; but it appears that the tract or farm hereinbefore described forms an integral part, and is situated within the boundaries of the farm of one hundred and eighty *cuerdas* to which reference has been made; that in the attchment, the process served upon Delgado by Abreu as a result of the summary proceedings instituted against the former by the latter, a mistake has been made in the boundaries of the tract of sixty *cuerdas,* more or less, levied upon, and no account has been had of the fact that said tract of land lies within the aforesaid farm of one hundred and eighty *cuerdas* belonging to Aquilúe, in proof of which he designates the real boundaries of the tract in question, namely, on the north, lands belonging to Andrés A. Delgado; on the south, lands owned by José Domingo Abreu and Carolina Abreu, and the old Utuado-Lares road which separates said tract from the Estate of Manuel Cortés; on the east, lands of Plácido González now belonging to Zacarias Díaz Bello, and on the west, the property of Vicente Aquilúe, formerly of Andrés A. Delgado; that in order to show that the tract of sixty *cuerdas* more or less, attached by José Domingo Abreu, as belonging to Andrés A. Delgado, is an integral part of the one hundred and eighty *cuerdas* belonging to Aquilúe, we need but take into account the fact that of the boundaries of said tract, mentioned in the writ of attachment, the one on the north lies within the body of the farm of one hundred and eighty *cuerdas* belonging to Aquilúe, by which it is bounded on that side, and the boundaries assigned to it on the north, south and

de la finca de ciento ochenta cuerdas referidas; que esto es así porque los terrenos de Don Andrés A. Delgado, con los que colinda por el Norte la porción de tierra embargada, son los mismos de Delgado con los que colinda por el mismo punto la finca de ciento ochenta cuerdas de Aquilúe; porque los terrenos de Don José Domingo y Doña Carlina Abreu y camino viejo de Lares á Utuado, con los que colinda la porción por el Sur, son los mismos con los que colinda por ese lado la dicha finca de ciento ochenta cuerdas, que á más linda también con el río de Angeles por ese punto cardinal; porque los terrenos de Don Plácido González, hoy Don Zacarías Díaz Bello, con los que colinda la porción embargada, por el Este, que en la diligencia de embargo aparecen, sin serlo, como de Delgado, son también los mismos con los que colinda por ese lado la finca de ciento ochenta cuerdas del Señor Aquilúe; y porque el lindero por el Oeste de la porción ameritada, que la diligencia de embargo dice equivocadamente ser Delgado, cae en un todo dentro de la finca de ciento ochenta cuerdas, repetidas; que de todo lo expuesto resulta que el pleno dominio de la porción de terreno ó finca rústica de sesenta cuerdas más ó menos, embargada por Abreu al Delgado, pertenece al Señor Aquilúe y no al Señor Delgado, desde antes de haber sido embargadas á solicitud de Abreu, por ser Aquilúe, con anterioridad á dicho embargo, dueño y poseedor de la finca de ciento ochenta cuerdas de la que la precitada porción forma parte; que esa porción de terreno embargada por Abreu y que es parte integrante de la de ciento ochenta cuerdas tantas veces repetida, la posee el Señor Aquilúe quieta y pacíficamente, y viene practicando actos revelativos del dominio que sobre ella tiene desde primero de Abril último, con prioridad de ser embargada á solicitud de Abreu, resultando que al practicarse dicho embargo no era de la pertenencia de Don Andrés A. Delgado; y que con dicha porción de terreno se embargaron los edificios siguientes: ranchón sin cerca y techado de paja, que mide veinte y siete varas de largo por seis de ancho, enclavado dentro de ella; ranchón de diez y seis varas de largo por siete de ancho, sin cerca, de maderas del páis, techado de paja, enclavado en la finca de ciento ochenta cuerdas adjudicadas á Aquilúe; dos casitas ó bohíos cercadas de maderas del país y techadas de paja, de cuatro varas de fondo por cinco de frente, enclavados en la finca de ciento ochenta cuerdas antes referida; dos glasis de mampostería que mide el uno veinte y seis varas de largo por ocho de ancho, enclavados en la mencionada finca; una casa de maderas del país techada de paja de cinco varas de largo por

east, correspond to those appearing on the same sides of the farm of
one hundred and eighty *cuerdas,* the boundaries on these three last-
mentioned cardinal points of the tract attached by Abreu coinciding
with those that appear on the same cardinal points of the aforesaid
farm of one hundred and eighty *cuerdas* belonging to Aquilúe; be-
cause of the lands of José Domingo and Carolina Abreu, and the old
Lares-Utuado road, bounded on the south by said piece of land, are
those that form the boundaries of the aforesaid farm of one hundred
and eighty *cuerdas* on that side, which latter is also bounded on the
same cardinal point by the 'Angeles' river; because the lands of Plá-
cido González, now of Zacarías Díaz Bello, by which the attached tract
is bounded on the east, and which erronously appear in the attach-
ment papers as belonging to Delgado, are likewise those that form the
boundary on that side of the farm of one hundred and eighty *cuerdas*
belonging to Aquilúe; and because the land which forms the western
boundary of the said property, assigned to Delgado by an error in the
writ of attachment, lies wholly within the aforesaid farm of one hun-
dred and eighty *cuerdas;* that for the foregoing reasons the absolute
ownership of the tract or farm of sixty *cuerdas,* more or less, attached
by Abreu as the property of Delgado, does not belong to Delgado
but to Aquilúe to whom it has belonged from a date prior to the at-
tachment levied at the request of Abreu, inasmuch as Aquilúe, prior
to said attachment, was the owner and possessor of the farm of one
hundred and eighty *cuerdas* whereof the aforesaid tract forms a part;
that said tract of land attached by Abreu, and constituting an in-
tegral part of the one hundred and eighty *cuerdas* above mentioned,
is in the quiet and peaceable possession of Aquilúe, who has been per-
forming acts of a possessory character thereon since the first of April
last, prior to its attachment at the request of Abreu, wherefore when
said attachment was levied it did not belong to Andrés A. Delgado;
and that together with said tract of land the following buildings were
attached: A straw-roofed shed not enclosed, measuring twenty-seven
by six *varas,* situated upon said tract; a straw-roofed shed, sixteen
by seven *varas,* without enclosure, built of native wood, situated up-
on the farm of one hundred and eighty *cuerdas,* awarded to Aquilúe;
two small straw-roofed houses or huts, enclosed with native wood,
four *varas* deep by five in front, situated upon the aforesaid farm of
one hundred and eighty *cuerdas;* two masonry terraces for drying
coffee, one measuring twenty-six by eight *varas,* standing on
aforesaid farm; a straw-roofed house of native wood, five by six *varas,*

seis de ancho, que en la diligencia de embargo figura en· la finca de veinte cuerdas y que dice ser de Delgado, siendo así que tal casa radica en la finca rústica de treinta y dos cuerdas perteneciente al Señor Aquilúe; otra casa de ocho varas de frente por seis de fondo, de maderas del país, techada de yaguas, enclavada en una finca de treinta y seis cuerdas del Sr. Aquilúe; otra casa de ocho varas de frente por seis de fondo, de maderas del país y techada de yaguas, enclavada en la misma finca de treinta y seis cuerdas; y que todas las fabricaciones descritas son de la propiedad del Sr. Aquilúe, pues existían en las fincas en que posan cuando fueron embargadas á Delgado por Lecaroz y Ca.

3.—*Resultando* : que después de haber expuesto los fundamentos en que apoyaba su demanda, terminó suplicando al Tribunal que ordenara la inmediata suspensión del procedimiento de apremio en los autos ejecutivos de Abreu con Delgado, ·como se hizo, y que en definitiva se dictara sentencia declarando el dominio de los bienes embargados á favor del tercerista, que acompañó á su demanda una certificación del Registrador de la Propiedad del Distrito de la inscripción de la finca de ciento ochenta cuerdas á favor del compareciente, y copia de la carta orden librada por este Tribunal al Juez Municipal de Utuado para dar posesión al tercerista de los bienes antes del Delgado y adjudicados á la Sociedad Mercantil Lecaroz & Ca. y cedidos por éste á Aquilúe.

4.—*Resultando* : que conferido traslado de la demanda al ejecutante y ejecutado, lo evacuó el primero, Don José Domingo Abreu con representación del Abogado Don Ramón Nadal, presentando en doce de Agosto último su contestación en que expuso: que Don Andrés Avelino Delgado era dueño de la finca rústica descrita en primer término de la demanda y lo es de la de sesenta cuerdas más ó menos igual á tres hectáreas (debe decir veinte y tres hectáreas) cincuenta y ocho áreas y veinte y cuatro centiáreas de terreno quebrado, ubicada en el barrio de Angeles, jurisdicción de Utuado, fincada en su mayor parte de café, plátanos y guinéos, frutos menores y pastos, que colinda por el Norte con el mismo Señor Delgado; por el Sur con la Sucesión de Don Manuel Cortés y antiguo camino que conducía de Utuado á Lares, así como Don José Domingo Abreu y Doña Carlina Abreu; por el Este y Oeste el referido Don Andrés Avelino Delgado, en cuyo terreno radica un. ranchón sin cerca, techado de paja, de veinte y siete varas de largo por seis de ancho, hallándose

which in the writ of attachment is made to appear as situated on
the tract of twenty *cuerdas,* and said to belong to Delgado, whereas
the house in question stands on the farm of thirty-two *cuerdas* be-
longing to Aquilúe; another house, eight *varas* in front by six in
depth, built of native wood, palm-roofed, standing on a farm of
thirty-six *cuerdas,* belonging to Aquilúe; another house measuring
eight *varas* in front by six deep, built of native wood, and palm-
roofed, standing on the same farm of thirty-six *cuerdas;* and that all
the buildings described belong to Aquilúe, since they existed on the
farms where they now stand when said farms were attached by
Lecaroz & Co., in summary proceedings against Delgado.

"After setting forth the grounds upon which he based his
complaint he prayed the court to order the immediate suspension of
the compulsory proceedings in the executory action instituted by
Abreu against Delgado, which was done, and that final judgment be
rendered declaring the ownership of the attached property in favor
of the plaintiff in intervention, who filed with his complaint the cer-
tificate of the Registrar of Property of the district to the effect that
the farm of one hundred and eighty *cuerdas* was recorded in favor
of the plaintiff, and a copy of the letters mandatory issued by this
court to the municipal judge of Utuado directing that the plaintiff
in intervention be given possession of the property formerly be-
longing to Delgado that had been awarded to the firm of Lecaroz &
Co., and transferred by the latter to Aquilúe.

"Notice of the complaint having been served upon the execu-
tion creditor and execution debtor, it was returned by the former,
José Domingo Abreu, represented by Attorney Ramón Nadal, who
on the 12th of August last filed an answer containing the following
statement: That Andrés Avelino Delgado was owner of the farm
first described in the complaint, and is the owner of the farm or
sixty *cuerdas,* more or less, equal to twenty three hectares, fifty-eight
ares and twenty-four centares of broken lands, situated in *barrio*
'Angeles,' within the municipal district of Utuado, mostly
planted with coffee, plantains and bananas, minor produce
and pasture, the same being bounded on the north by lands
belonging to said Delgado; on the south by the Estate of
Manuel Cortés and by the old road formerly leading from Utuado to
Lares, and the lands owned by José Domingo Abreu and Carolina
Abreu; on the east and west by lands belonging to aforesaid Andrés
Avelino Delgado, on which tract stands a straw-roofed shed, not en-

inscrita la primera finca en el Registro á nombre del Señor Delgado,
porque la adquirió en la forma que se describe en la certificación
número 1 acompañada por la parte contraria, no estando inscrita
la que se describe anteriormente, porque la adquirió sin título ins-
cribible; que es cierto que Lecaroz & Co. embargó terrenos en la
finca descrita en primer término de la demanda y bajo las colindan-
cias que se citan primeramente en la decrita en segundo lugar; pero
aun aceptando que estas colindancias fueron equivocadas en aquel
embargo, y que realmente la finca en que se trabó es realmente, digo
exactamente, la misma que se describe primeramente, no por esto se
deduce ni puede deducirse que el cuerpo de terreno ó finca embar-
gada por Don José Domingo Abreu de sesenta cuerdas más ó menos
esté comprendida en la de ciento ochenta cuerdas que fué adjudicada
á Don Vicente Aquilúe, porque de ser así se desprendería de ello
que el Señor Abreu desea reducir la propiedad de dicho señor á
ciento veinte cuerdas, cosa á que no aspira conocidos como son sus
procederes y honradez y nobleza que siempre preceden á sus actos,
y porque los linderos de ambas fincas son completamente distintos
en tres puntos, pues la finca de sesenta cuerdas más ó menos, objeto
de esta tercería, tiene por Norte, Este y Oeste tierras del propio
Señor Delgado, no implicando absolutamente nada que por el Sur
colinden las dos fincas con iguales propiedades puesto que una puede
estar á la derecha y la otra á la izquierda de dichos colindantes y
sin que ambas se confundan y porque la finca de ciento ochenta
cuerdas la adquirió el Señor Delgado en pago de seis mil pesos por
los que era acreedor de la Sucesión de Doña Petra Rodriguez, según
aparece de la misma certificación que acompaña la parte demandante
con el número 1; y la de sesenta cuerdas más ó menos la adquirió de
Don José Domingo Abreu que á su vez la hubo de Don Agustín Plá;
que respecto al primer ranchón, está enclavado en la finca de la
tercería, y no habiendo sido tampoco objeto especial del embargo de
Lecaroz y Ca., sino la consideramos con títulos sobre la finca que se
discute, menos reconocérselo sobre el mencionado ranchón; es más,
éste se encuentra todavía más independiente, completamente sepa-
rado de todos los argumentos que viene empleando con su finca de
ciento ochenta cuerdas, que la misma finca de sesenta cuerdas más
ó menos; pues si con las fincas citadas la parte contraria tiende á re-
solver cuestión de linderos, no puede aspirar á lo mismo con dicho
ranchón, desde el momento que éste no ha figurado para nada ni como
cosa ni como valor para la tasación que dió origen á la adjudicación

closed, twenty-seven *varas* deep by six wide, the first-mentioned property being recorded in the registry in the name of Delgado, it having been acquired by him in the manner described in certificate No 1 filed by the adverse party, the other property hereinbefore described, not being recorded because it was acquired without a recordable title; that it is true that Lecaroz & Co. had levied an attachment upon lands of the farm first described in the complaint, in conformity with the boundaries first given in describing the one referred to in the second place; but even admitting that in said attachment these boundaries were erroneous and that the farm levied upon is in reality the one first described, it does not follow, nor can it be inferred therefrom, that the tract of land or farm of sixty *cuerdas,* more or less, attached by José Domingo Abreu, is included in that of the farm of one hundred and eighty *cuerdas* which had been awarded to Vicente Aquilúe, because, in that case, the inference would be that Abreu desired to reduce said gentleman's property to one hundred and twenty *cuerdas,* which cannot be his purpose, knowing, as we do, his manner of dealing and the honesty and nobility which inspire all his acts, and because the boundaries of both farms are entirely different on three points, for the farm of sixty *cuerdas,* more or less, involved in this complaint in intervention is bounded on the north, east and west by lands belonging to Delgado himself, and the fact that both farms are bounded on the south by the same properties, is wholly immaterial, because one may lie on the right and the other on the left of said contiguous properties, without being confused, and because the farm of one hundred and eighty *cuerdas* was acquired by Delgado in satisfaction of six thousand *pesos* for which the estate of Petra Rodríguez was indebted to him, as shown by certificate No. 1, filed by the plaintiff himself. He had acquired the farm of sixty *cuerdas,* more or less, from José Domingo Abreu, who had in turn acquired it from Agustín Pla; that with respect to the first shed, the same is situated on the farm which is the subject of the complaint in intervention, nor was it made a special object of Lecaroz & Co's. attachment, and if we do not consider the plaintiff as having any title to the farm under discussion, much less can we recognize his title to aforesaid shed; moreover, the latter is even more independent, indeed further removed from all the arguments employed by him with reference to his farm of one hundred and eighty *cuerdas,* than is the farm of sixty *cuerdas,* more or less; for if with the aforesaid farms the opposite party aims to determine questions of boundaries, he can-

del ejecutivo seguido por Lecaroz y Ca. á favor de Aquilúe, y que el otro ranchón, glasis y demás casas de la tercería, si bien se encuentran enclavadas algunas de ellas en la propiedad de ciento ochenta cuerdas del Señor Aquilúe, existían antes del embargo practicado por Lecaroz y Ca., y por lo tanto de la adjudicación, y ni en aquél ni en ésta, no solamente no se reseñaron, sino que no fueron valuados ni subastados, y por tanto de la única manera que puede explicar la parte contraria su pretensión en el último extremo de su demanda es diciendo que por acción, digo, accesión, le pertenece; y pidiendo en conclusión que se desestime con las costas la tercería de dominio interpuesta.

5.—*Resultando*: que no habiendo contestado la demanda de tercería el ejecutado Don Andrés A. Delgado, fué declarado en rebeldía á instancias del demandante. y celebrada la comparecencia de proposición de pruebas, la ofrecieron el tercerista y el ejecutante, proponiendo el primero la confesión en juicio de Don José Domingo Abreu y de Don Andrés A. Delgado; documental consistente en acta notarial rectificando las omisiones y errores del auto de adjudicación de la finca cedida por Lecaroz y Ca. al demandante, planos geométricos de la misma, croquis y replanteo, certificación de mensura y copias de las diligencias de requerimiento de pago de Abreu contra Delgado, y certificación de la diligencia de posesión judicial dada por mandato de este Tribunal á Don Vicente Aquilúe; reconocimiento judicial de la finca objeto de la tercería, dictamen de peritos y testifical, prueba que fué toda declarada pertiente, á excepción del reconocimiento judicial.

6.—*Resultando*: que el demandado Don José Domingo Abreu propuso también como documental certificaciones del Registro de la Propiedad sobre la inscripción de la finca de ciento ochenta cuerdas á favor de Don Vicente Aquilúe, y del Secretario del Tribunal referente al auto de adjudicación dictado en los autos ejecutivos de Lecaroz y Ca. contra Don Andrés A. Delgado, reconocimiento judicial é inspección ocular de la finca objeto de esta tercería; pericial de mensura de la citada finca y testifical, que también fué declarada per-

not expect to accomplish his purpose with said shed, since the latter
has in no wise been taken into account for the appraisement giving
rise to the award in favor of Aquilúe, in the execution proceedings
prosecuted by Lecaroz & Co.; and that the terrace for drying coffee
and other houses described in the complaint in intervention of owner-
ship, though some of them stand on the tract of one hundred and
eighty *cuerdas* owned by Aquilúe, they stood there prior to the at-
tachment levied by Lecaroz & Co., and therefore prior to the award,
and both in the latter and in the former, were not only not specified,
but neither appraised nor sold at auction, wherefore the only way
the adverse party can explain the claim set up in the final prayer
of his complaint, is by alleging that they belong to him by accession.
Finally he prayed that the complaint in intervention be dismissed
with costs.

''The complaint in intervention not having been answered by
the execution debtor, Andrés A. Delgado, he was declared in default,
on motion of the plaintiff, and in the proceedings for the pro-
posal of evidence, the same was proposed by the plaintiff in interven-
tion and by the execution creditor, that of the former being: Confes-
sion in court by José Domingo Abreu and Andrés A. Delgado; docu-
mentary evidence consisting of a notarial act correcting the omis-
sions and errors of the decree of adjudication of the farm that had
been conveyed by Lecaroz & Co. to the plaintiff; geometrical plans
of the same, sketch and revised plan of said farm; certificate of survey
and copies of the papers in the summary proceedings instituted by
Abreu against Delgado for the recovery of money, and a certificate
of the papers served in connection with the judicial possession or-
dered by the court to be given to Vicente Aquilúe; judicial inspec-
tion of the property constituting the subject-matter of the complaint
in intervention, the opinion of the experts and testimony of witnesses,
which evidence was declared pertinent, with the exception of the
judicial inspection.

''The defendant José Domingo Abreu also proposed as docu-
mentary evidence: Certificates from the registrar of property relat-
ing to the admission to record of the farm of one hundred and eighty
*cuerdas* in favor of Vicente Aquilúe, and a certificate from the clerk
of the court with reference to the award decreed in the execution
proceedings instituted by Lecaroz & Co. against Andrés A. Delgado;
judicial and ocular inspection of the farm which is the object of this
complaint in intervention; expert testimony of the survey of afore-

tinente, excepto en el extremo relativo al reconocimiento judicial, señalándose desde luego día para la celebración del juicio oral que se celebró con asistencia de los Letrados del tercerista y del demandado ejecutante.

7.—*Resultando*: que Don José Domingo Abreu confesó en el acto del juicio oral que las sesenta cuerdas objeto de la tercería habían pertenecido primeramente á él, y que después le fueron adjudicadas á Don Andrés A. Delgado, con otras más hasta completar ciento ochenta, todas las cuales fueron embargadas á Delgado por la mercantil Lecaroz y Ca. terreno que en mil ochocientos ochenta fué mensurado por el Agrimensor Don Vicente Viñas, y que siempre esos terrenos colindaron por el Sur con el río de "Los Angeles" y el camino de Lares; y Don Andrés Avelino Delgado también confesó en el juicio oral que el referido Agrimensor Don Vicente Viñas midió en 1880 la finca de ciento ochenta cuerdas que pasó á manos de Delgado, siendo antes de Abreu.

8.—*Resultando*: que de la certificación del Registro de la Propiedad de Arecibo aparece inscrita bajo el número 306, folio 60 del tomo VI de Utuado, la finca de ciento ochenta cuerdas más ó menos, sita en el barrio de "Los Angeles", lindando al Norte con Don Miguel Pozo y Sucesión de Don Sebastián González; al Este con Plácido González; al Sur con el camino viejo de Lares, con Juan Rodriguez y el río "Los Angeles"; y al Oeste con Don Rafael Pio Soto, Doña Severiana Martinez, Don Juan Rodriguez, Don Miguel Pozo, río "Los Angeles", Santos Soto y Manuel Reyes, estando todas las fincas colindantes dedicadas al cultivo del café, frutos menores y pastos, como de la propiedad de Don José Domingo Abreu, de quien la hubo Don Andrés A. Delgado y á quien la embargó la mercantil de Lares Lecaroz y Ca., omitiéndose en la anotación del embargo las colindancias del Sur.

9.—*Resultando*: que la misma finca conteniendo una casa de maderas de dos pisos, almacén para guardar café con máquina de descascarar y otra casa ranchón aparece en la expresada certificación del Registrador adjudicada á Lecaroz y Ca., de Lares, quienes la cedieron á Don Vicente Aquilúe, habiendo aprobado este Tribunal la cesión de la adjudicación inscribiéndose definitivamente la finca á favor del expresado Aquilúe.

said farm, and the examination of witnesses, which evidence was also declared pertinent, except as to that relating to the judicial inspection, and a day was accordingly set for the hearing, at which counsel for the plaintiff in intervention and for the defendant execution creditor were present.

"At the hearing José Domingo Abreu confessed that the sixty *cuerdas,* the subject-matter of the complaint in intervention, had first belonged to him, and were subsequently awarded to Andrés A. Delgado together with others to make up one hundred and eighty *cuerdas,* all of which had been distrained from Delgado by the firm of Lecaroz & Co.; that they were surveyed in 1880 by the surveyor, Vicente Viñas, and that said lands had always been bounded on the south by the river 'Angeles' and the Lares road; and Andrés Avelino Delgado also confessed at the hearing that the aforesaid surveyor Vicente Viñas had in 1880 surveyed the farm of one hundred and eighty *cuerdas,* conveyed to Delgado and that the same had formerly belonged to Abreu.

"The certificate of the Registrar of Property of Arecibo shows that under No. 306, folio 60, volume VI, of Utuado, a record appears of the farm of one hundred and eighty *cuerdas,* more or less, situated in *barrio* 'Los Angeles,' bounded on the north by lands belonging to Miguel Pozo and the Estate of Sebastián González; on the east by lands of Plácido González; on the south by the old Lares road, by lands belonging to Juan Rodríguez and by the 'Angeles' river; and on the west by lands belonging to Rafael Pío Soto, Severiana Martínez, Juan Rodríguez, Miguel Pozo, the 'Angeles' river and lands of Santos Soto and Manuel Reyes, which contiguous properties are all devoted to the cultivation of coffee, minor produce and pasture, the aforesaid farm being recorded as the property of José Domingo Abreu from whom it was acquired by Andrés A. Delgado, and upon which an attachment was levied by the firm of Lecaroz & Co. of Lares in summary proceedings against Delgado, no mention being made of its boundaries on the south in the notice of said attachment.

"The same farm, upon which is situated a two-story frame house, a building for the storage of coffee, with a coffee pulper, and another shed, appears in aforesaid certificate from the registrar, as having been awarded to Lecaroz & Co., of Lares, who had transferred it to Vincente Aquilúe, this court having approved said transfer of the award, the farm being finally recorded in favor of aforesaid Aquilúe.

10.—*Resultando*: que de la prueba pericial practicada aparece que la porción de sesenta cuerdas objeto del litigio se encuentra enclavada en la finca de ciento ochenta cuerdas más ó menos, cuya adjudicación fué cedida por Lecaroz y Ca. al tercerista Aquilúe, determinándose por los peritos Don Vicente Viñas, Don José Escudé y Don José Ricarte, que las colindancias de las repetidas sesenta cuerdas son: al Norte, Este y Oeste, con terrenos del propio Aquilúe, y al Sur con el camino de Lares, habiendo declarado también en el sentido de que las sesenta cuerdas disputadas son de la pertenencia del tercerista, ocho de once testigos que declararon en el pleito, sin que los otros tres lo hubieran negado, siendo todos vecinos por largo número de años del barrio de "Los Angeles", de Utuado, donde radica la dicha finca.

11.—*Resultando*: que en la substanciación de este litigio se han observado las solemnidades legales. Siendo Ponente el Presidente del Tribunal, Don Felipe Cuchí y Arnau.

1.—*Considerando*: que es doctrina legal sancionada por la Jurisprudencia del Tribunal Supremo de España en decisiones reiteradas, que la adjudicación de bienes inmuebles constituye título de dominio á favor del adjudicatario, cuyo título prevalecerá contra tercero si se halla debidamente inscrito en el Registro de la Propiedad del Distrito donde radican los bienes adjudicados.

2.—*Considerando*: que la finca rústica de ciento ochenta cuerdas más ó menos, cuyas colindancias se describen en el Resultando sexto, digo óctavo de esta sentencia, fué adjudicada por este Tribunal de Justicia en 6 de Febrero de mil novecientos á la Sociedad Mercantil, Lecaroz y Ca., quien cedió todas sus acciones y derechos por título oneroso á Don Vicente Aquilúe, el cual se subrogó en ellas, quedando desde aquel momento en el pleno dominio de la finca, pleno dominio que podía justificar en todo tiempo el cesionario con perjuicio de tercero, pues inscribió la cesión en el Registro de la Propiedad, en conformidad con lo establecido en los Artículos II, número 1 y 23, primer párrafo de la Ley Hipotecaria.

3.—*Considerando*: que la porción de sesenta cuerdas de terreno sobre que versa esta tercería de dominio, forma parte integrante de la finca de ciento ochenta cuerdas más ó menos que aparece inscrita á nombre del tercerista Aquilúe, porque si se omitieron en la inscripción las colindancias del Sur, la prueba pericial ha demostrado que el río de "Los Angeles" y el camino de Lares nunca estuvieron

"From the expert testimony introduced it appears that the tract of sixty *cuerdas,* involved in this litigation, lies within the farm of one hundred and eighty *cuerdas,* more or less, the award whereof was transferred by Lecaroz & Co. to the plaintiff in intervention, Aquilúe, the experts Vicente Viñas, José Escudé, and José Ricarte declaring that the boundaries of aforesaid sixty *cuerdas* are: On the north, east and west, lands belonging to said Aquilúe, and on the south, the Lares road; testimony was also given by eight of the eleven witnesses who were examined on the trial, to the effect that the sixty *cuerdas* in dispute belong to the plaintiff in intervention, which testimony was not contradicted by the other three, all of these witnesses having been for many years residents of *barrio* 'Angeles,' of Utuado where said farm is situated.

"In the conduct of this case all the legal formalities have been observed. Presiding Judge Felipe Cuchí Arnau prepared the opinion of the court.

"It is a legal doctrine sanctioned by the jurisprudence of the Supreme Court of Spain, in numerous decisions, that the award of real property constitutes a title of ownership in favor of the person to whom the same has been judicially assigned, whose title shall prevail against a third person, provided it has been duly recorded in the Registry of Property of the District where the realty awarded is situated.

"The farm of one hundred and eighty *cuerdas,* more or less, hereinbefore described, was awarded by this court on February 6, 1900, to the firm of Lecaroz & Co., who transferred all their titles and rights, for a valuable consideration, to Vicente Aquilúe, who thus subrogated them therein, remaining from that moment absolute owner thereof, which ownership he could at any time prove against a third party, inasmuch as he had recorded the assignment in the Registry of Property, pursuant to the provisions of article 2, paragraph 1, and article 23, paragraph 1, of the Mortgage Law.

"The parcel of sixty *cuerdas* of land which is the subject-matter of this action in intervention of ownership forms an integral part of the farm of one hundred and eighty *cuerdas,* more or less, which appears recorded in the name of the plaintiff in intervention, Aquilúe; for although the boundaries on the south were omitted in the record, the expert testimony has shown that the river 'Angeles'

en la colindancia Este de la finca sino al Sur de la misma, lo que demuestra que en la inscripción referida se agruparon por error las colindancias Este y Sur de la finca, en vez de consignarlas por separado.

4.—*Considerando*: que la prueba de testigos obrante en autos también denota sin género alguno de dudas que la porción de sesenta cuerdas de terreno objeto de este pleito se encuentra situada al Sur de la finca total de ciento ochenta más ó menos, propiedad del ter- cerista Aquilúe, y que es la misma que por equivocación embargó Don José Domingo Abreu á su yerno Don Andrés A. Delgado en los ejecutivos de que es incidente esta tercería.

5.—*Considerando*: que si bien es cierto que en la finca de ciento ochenta cuerdas más ó menos de terreno, que en el Registro de la Propiedad aparece inscrita á favor del tercerista Aquilúe, y de cuya finca es parte integrante la porción de sesenta cuerdas objeto de esta tercería, existe edificada una casa de maderas, un almacén para guardar café con máquina para descascarar y un ranchón, no es lícito discutir en este pleito si dichas edificaciones entran ó no á ser pro- piedad del tercerista Aquilúe, porque la tercería versa exclusivamente acerca de sesenta cuerdas que fueron erróneamente embargadas como de la propiedad de Don Andrés A. Delgado, y lo discutido es la iden- tidad de dichas sesenta cuerdas con el título de dominio del ter- cerista y no la extensión de la adjudicación que en otros autos se hizo á Lecaroz y Ca., hoy Don Vicente Aquilúe.

6.—*Considerando*: que apareciendo de la certificación del Regis- trador de la Propiedad de Arecibo y de la prueba pericial practicada que la finca de ciento ochenta cuerdas más ó menos radicada en el barrio de "Los Angeles", termino municipal de Utuado, colinda al Norte con tierras de Don Miguel Pozo y Sucesión González; al Este con Plácido González; al Sur con el río de "Los Angeles" y el ca- mino de Lares, y al Oeste con Don Rafael Pio Soto, hoy Luis Soto, y Sucesión Martinez, está inscrita á favor de Don Vicente Aquilúe y que la porción de sesenta cuerdas que se discute forma parte inte- grante de dichas ciento ochenta, según los testigos, vecinos y contri- buyentes del barrio de "Los Angeles", que han declarado en este

and the Lares road had never been on the eastern, but on the southern boundary of the farm, which proves that in aforesaid record the eastern and southern boundaries of the property were grouped together through an error, instead of being given separately.

''The testimony of the witnesses, as set down in the record, also shows, without leaving any doubt whatever, that the tract of sixty *cuerdas* of land, which is involved in this suit, is situated at the south of the tract of one hundred and eighty *cuerdas,* more or less, in the aggregate, belonging to the plaintiff in intervention, Aquilúe, and that it is the same which, through a mistake, was attached by José Domingo Abreu, as belonging to his son-in-law, Andrés A. Delgado, in the summary proceedings whereof this complaint in intervention is an incidental issue.

''Although it is true that on the farm of one hundred and eighty *cuerdas,* more or less, which in the Registry of Property appears recorded in the name of the plaintiff in intervention, Aquilúe, and whereof the portion of sixty *cuerdas,* which is the object of said intervention, is an integral part, there stands a frame house, a building for the storage of coffee, with a coffee pulper, and a shed, it is not proper to discuss in this suit the question as to whether or not said buildings have become the property of the plaintiff in intervention, inasmuch as the intervention has reference only to the sixty *cuerdas* which were by mistake attached as belonging to Andrés A. Delgado; the point at issue being the identity of said sixty *cuerdas* with the title of the plaintiff in intervention, and not the extent of the award made, in other proceedings, to Lecaroz & Co., and transferred to Aquilúe.

''From the certificate of the Registrar of Property of Arecibo, and the expert testimony given, it appears that the farm of one hundred and eighty *cuerdas,* more or less, situated in *barrio* 'Los Angeles' within the municipal district of Utuado, is bounded on the north by lands belonging to Miguel Pozo and the Estate of González; on the east by those of Plácido González; on the south by the river 'Angeles' and the Lares road; and on the west, by lands of Rafael Pío Soto, now belonging to Luis Soto, and Estate of Martínez; that the same is recorded in the name of Vicente Aquilúe, and that the tract of sixty *cuerdas* in controversy forms an integral part of said one hundred and eighty *cuerdas,* according to the witnesses, residents and tax-

pleito, debe declararse con lugar la tercería de dominio interpuesta.

7.—*Considerando*: que de las demás pruebas aportadas á este litigio se robustece el convencimiento de que el título que se describe en el anterior Considerando, inscrito en el Registro de la Propiedad á favor del tercerista Aquilúe es legítimo y suficiente para acreditar el dominio de las sesenta cuerdas discutidas, cuya identidad aparece perfectamente comprobada.

8.—*Considerando*: que en la oposición formulada por Don José Domingo Abreu á esta tercería de dominio no debe estimarse temeridad, por cuyo motivo el litigio debe fallarse sin especial condenación de costas.

Vistos los Artículos 348, 349, 1218, 1232, 1242, 1256 del Código Civil, los 8 y 24 de la Ley Hipotecaria, 371, 577, 1530, 1531, 1533 y 1537 de la Ley de Enjuiciamiento Civil, sentencias del Tribunal Supremo de España de 3 de Febrero de 1887, 8 de Mayo de 1878 y 12 de Diciembre de 1877, así como la Orden General número 118 de 1899. Fallamos: que debemos declarar y declaramos con lugar la tercería de dominio interpuesta por Don Vicente Aquilúe sobre un predio de sesenta cuerdas, sitas en el barrio de "Los Angeles", término municipal de Utuado, y embargadas por don Domingo Abreu como de la propiedad de Don Andrés Avelino Delgado, en el juicio ejecutivo seguido contra este ante el Tribunal de Distrito de Arecibo, sin especial condenación de costas. Así, por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos.—Felipe Cuchí, Otto Schoenrich, Enrique González.

Arecibo, Diciembre veinte y tres de mil novecientos uno.

*Resultando*: que con fecha diez y ocho del corriente este Tribunal dictó sentencia en el pleito sobre tercería de dominio promovido por Don Vicente Aquilúe contra Don José D. Abreu y Don Andrés A. Delgado, este último en rebeldía, sentencia cuya parte dispositiva dice así: "Fallamos que debemos declarar y declaramos con lugar la tercería de dominio interpuesta por Don Vicente Aquilúe sobre un predio de sesenta cuerdas sitas en el barrio de 'Los Angeles', término municipal de Utuado, y embargadas por Don José Domingo Abreu como de la propiedad de Don Andrés A. Delgado en el juicio ejecutivo

payers of the *barrio* 'Angeles,' who have testified in these proceedings, and therefore the complaint in intervention of ownership must be sustained.

"The other, evidence introduced in this suit strengthens the conviction that the title described above, which appears recorded in the Registry of Property in favor of the plaintiff in intervention Aqulúe, is legitimate and sufficient to establish the ownership of the sixty *cuerdas* in controversy, the identity whereof has been proven beyond doubt.

"The opposition of José Domingo Abreu to this complaint in intervention of ownership should not be considered as temerity on his part, for which reason the present suit should be decided without special imposition of costs.

"In view of articles 348, 349, 1218, 1232, 1242, 1256, of the Civil Code, articles 8 and 24 of the Mortgage Law, 371, 577, 1530, 1531, 1533 and 1537 of the Law of Civil Procedure, the decisions of the Supreme Court of Spain of May 8, 1878, and December 12, 1877, as also General Order No. 118, series of 1899, we adjudge that we should declare and do declare that the complaint in intervention of ownership interposed by Vicente Aquilúe over the tract of sixty *cuerdas* of land, situated in *barrio* 'Los Angeles,' within the municipal district of Utuado, and attached by Domingo Abreu, as belonging to Andrés Avelino Delgado, in the summary proceedings instituted against the latter in the District Court of Arecibo, must be sustained without special imposition of costs. Thus by this our decision, finally adjudging, do we find, order and sign. Felipe Cuchí, Otto Shoenrich, Enrique González.

"Arecibo, December twenty-third, one thousand nine hundred and one.

"On the 18th instant this court rendered judgment in the complaint in intervention of ownership prosecuted by Vicente Aquilúe against José D. Abreu and Andrés A. Delgado, the latter in default, the adjudging portion of which judgment reads as follows: We adjudge that we should sustain and do sustain the complaint in intervention of ownership instituted by Vicente Aquilúe, with reference to a tract of sixty *cuerdas* of land, situated in *barrio* 'Los Angeles,' within the municipal district of Utuado, and upon which an attachment has been levied by José Domingo Abreu, as the prop-

seguido contra éste ante el Tribunal de Distrito de Arecibo, sin especial condenación de costas

*Resultando*: que en veinte y tres del actual Don Simón Largé abogado de Don Vicente Aquilúe, presentó escrito ante este Tribunal, en uso del derecho que concede á las partes el Artículo 362 de la Ley de Enjuiciamiento Civil, y pidió aclaración del fallo y que se consignara de una manera precisa si declaraba con lugar la tercería sobre los edificios que el tercerista había alegado existían en el predio de sesenta cuerdas embargado; que se resolviese sobre la condena de frutos pedida por el tercerista y sobre la cancelación de la anotación de embargo hecha en el Registro de la Propiedad, puntos que no aparecían definidos en el fallo de la tercería.

*Considerando*: que no habiéndose probado en el pleito que las edificaciones enumeradas por el tercerista como enclavadas en el predio rústico de sesenta cuerdas cuyo dominio se ha declarado en la sentencia á su favor, estuviera realmente dentro del predio referido, no ha podido hacerse extensiva á dichas edificaciones la declaración de dominio de las sesenta cuerdas expresadas, sin que arguya nada en contrario el hecho de que en la finca total de ciento ochenta cuerdas, de que forma parte integrante el predio de sesenta, estuvieran enclavadas aquellas edificaciones, que podían estarlo en otro lugar cualquiera de ella y ser motivo de impugnación en otros autos en que se discutiera la extensión del auto de adjudicación hecha á Lecaroz y Ca., como se expresa en el Considerando 4 de la sentencia.

*Considerando*: que la obligación en que está Don José Domingo Abreu de devolver al tercerista Aquilúe el predio de sesenta cuerdas que indebidamente embargó. lleva consigo la obligación de devolver también los frutos que percibió y pudo percibir como producidos por dicho predio, cuya anotación de embargo debe también como lógica consecuencia cancelarse en el Registro de la Propiedad de este Distrito.

*Considerando*: que la aclaración de la sentencia dictada en estos autos ha sido pedida en tiempo.

Visto el Artículo 362 de la Ley de Enjuiciamiento Civil. *Se aclara la sentencia* que declaró con lugar la tercería de dominio sobre un predio de sesenta cuerdas á favor de Don Vicente Aquilúe;

erty of Andrés A. Delgado, in execution proceedings prosecuted against the latter in the District Court of Arecibo, without any special imposition of costs.

"On the twenty-third of this month Simón Largé, counsel for Vicente Aquilúe, availing himself of the right allowed to parties by article 362 of the Law of Civil Procedure, presented a petition requesting an elucidation of the judgment and that a definite statement be made as to whether the court sustained the complaint in intervention with reference to the buildings, which according to the plaintiff's allegation, stood on the tract of sixty *cuerdas* of land that had been attached; that a decision be made as to the crops and products claimed by the plaintiff and as to the cancellation of the notice of attachment entered in the Registry of Property, these points not having been definitely disposed of in the judgment rendered with respect to the complaint in intervention of ownership.

"Inasmuch as at the trial it has not been proven that the buildings mentioned by the plaintiff in intervention as standing on the tract of sixty *cuerdas* of land, the ownership whereof has been pronounced in his favor in the judgment, were really within said tract, the declaration of ownership as to aforesaid sixty *cuerdas* could not be made to include the buildings in question, nor could it be argued on the other hand that said buildings are situated within the tract of one hundred and eighty *cuerdas,* whereof the sixty *cuerdas* tract forms an integral part, as they might be situated any where else within said one hundred and eighty *cuerdas* and be the object of contention in other proceedings that might be instituted to determine the scope or extent of the adjudication made in favor of Lecaroz & Co., as stated in one of the conclusions contained in the judgment.

"The obligation on the part of José Domingo Abreu to return to the plaintiff in intervention, Aquilúe, the tract of sixty *cuerdas* of land, carries with it the obligation of returning also the crops gathered or that might have been gathered by him as products of said tract, the notice of attachment whereof should also, as a logical consequence, be canceled in the Registry of Property of this district.

"The elucidation of the judgment rendered in these proceedings has been requested in due time.

"In view of the provisions of article 362 of the Law of Civil Procedure, the judgment rendered in favor of Vicente Aquilúe, in the complaint in intervention of ownership over a tract of sixty *cuerdas*

expresándose que dicha tercería de dominio es sólo sobre el predio de terreno que se ha identificado en el pleito como de la propiedad del tercerista y no sobre las edificaciones que enumera éste en su demanda, por no haberse probado que dichas edificaciones estuviesen enclavadas en el citado predio de sesenta cuerdas, estando en la obligación el demandado Abreu de devolver el expresado predio de terreno con los frutos producidos y que hubiere podido producir desde la fecha de la anotación á la demanda de tercería y cancelándose, en consecuencia, la anotación de embargo hecha en el Registro de la Propiedad á nombre del demandado Abreu y sólo en cuanto á las sesenta cuerdas objeto de esta tercería.

Lo acordaron y firman los Señores Jueces del Tribunal, de que certifico.—Felipe Cuchí, Otto Schoenrich, Enrique González, Rafael Tirado.

*Resultando*: que contra la sentencia expresada y auto aclaratorio de la misma interpuso Don José Domingo Abreu recurso de casación por quebrantamiento de forma y por infracción de Ley, habiéndolo interpuesto también Don Vicente Aquilué por infracción de Ley; y elevados los autos á esta Corte Suprema desistió Abreu del recurso por quebrantamiento de forma, substanciándose los otros dos por infracción de Ley hasta la celebración de la vista; pero á virtud de la Ley de la Asamblea Legislativa de doce de Marzo último, que convirtió este Corte Suprema en Corte de Apelación, se tramitaron dichos recursos como de apelación, señalándose día para la vista, en la que los Letrados de Don José Domingo Abreu y Don Vicente Aquilué alegaron cuanto estimaron conducente á la defensa de sus respectivas pretensiones.

Abogado del demandante y apelante: *Sr. López Landrón.*

Abogados del demandado y apelante Sr. Abreu: *Sres. Díaz y Nadal.*

La otra parte demandante no compareció.

EL JUEZ ASOCIADO SR. HERNANDEZ, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

of land, is elucidated by declaring that said intervention of ownership has reference only to the lands that have been identified on the trial as belonging to the plaintiff, and not to the buildings specified in the complaint, inasmuch as it has not been proven that said buildings stood on aforesaid tract of sixty *cuerdas,* and the defendant, Abreu, is under obligation to return aforesaid tract of land with the products yielded by the same, from the date of entry of the complaint in intervention; and the notice of attachment entered at the Registry of Property in the name of the defendant, Abreu, to be accordingly canceled, only as to the tract of sixty *cuerdas,* which is the subject-matter of this complaint in intervention.

"Concurred in and signed by the judges of the court, to which I certify. Felipe Cuchi, Otto Schoenrich, Enrique Gonzalez. Rafael Tirado."

From aforesaid judgment and elucidation thereof, José Domingo Abreu took an appeal in cassation for error of procedure and error of law, while Vicente Aquilúe also took an appeal in cassation for error of law; and the records having been forwarded to this Supreme Court, Abreu abandoned the appeal for error of procedure, the other two appeals in cassation for error of law being continued up to the time of the hearing, but in view of an act of the Legislative Assembly of the twelfth of March last, changing the Supreme Court of Porto Rico into a court of appeals, said appeals in cassation were dealt with as ordinary appeals, and a day having been set for the hearing, counsel for José Domingo Abreu and Vicente Aquilúe made such arguments as they deemed proper in support of their respective claims.

*Mr. López Landrón,* for plaintiff and appellant.
*Messrs. Díaz* and *Nadal,* for defendant and appellant.

The other plaintiff (*sic*) did not appear.

MR. JUSTICE HERNÁNDEZ, after making the above statement of facts, delivered the following opinion of the court:

*Aceptando* los Resultandos de la sentencia y auto aclaratorio preinsertos, menos el 7 y 10 de la misma sentencia.

*Resultando*: que en la súplica de su demanda interesó Don Vicente Aquilué se dictara sentencia declarando que la porción de terreno ó finca de sesenta cuerdas más ó menos, embargada á instancia de Don José Domingo Abreu, así como también sus frutos, casas, glasis y demás fabricaciones expresadas en dicha demanda é igualmente embargadas por Abreu, pertenecen en propiedad y posesión al Aquilué, mandando en su consecuencia alzar el embargo de esos bienes para dejarlos á la libre disposición del mismo, con las costas al demandado ó demandados que se opusieran á semejante pretensión.

*Resultando*: que en el juicio ejecutivo seguido por Lecaroz y Ca. contra Don Andrés Avelino Delgado en cobro de catorce mil setecientos noventa y un pesos moneda provincial, intereses y costas, por auto de seis de Febrero de 1900 se adjudicaron á la parte ejecutante por las dos terceras partes de su valor los bienes embargados, á saber: una finca rústica compuesta de ciento ochenta cuerdas, estando enclavadas en ella una casa techada de tejamaní con cerca y piso de madera del país, de dos pisos, de doce varas de frente por catorce de fondo, con un martillo formando cocina de ocho varas de frente por diez y seis de fondo, cobijada de zinc; una casa almacén conteniendo en un extremo máquina de descascarar café, tanques, etc., y techada también de zinc, y una casa cuartel de peones, con diez y seis varas de frente por cinco de fondo, de madera é igualmente cobijada de zinc; otra finca rústica compuesta de treinta y seis cuerdas y una tercera finca rústica de treinta y dos cuerdas de cabida con casa habitación y cocina techada de zinc, piso y cerca de maderas del país; cuyas tres fincas radi-

The findings of fact contained in the above judgment and the decision in elucidation thereof are accepted, except the seventh and tenth contained in the judgment.

In his complaint Vicente Aquilúe prayed that judgment be rendered declaring that the tract of land or farm of sixty *cuerdas,* more or less, that had been attached at the instance of José Domingo Abreu, as also the products, houses, terrace for drying coffee and other constructions mentioned in said complaint and likewise attached by Abreu, belong to and are in the possession of Aquilúe, and that consequently the attachment levied on said properties be dissolved, so that they may remain at his free disposal, with costs against the defendant or defendants who may oppose said demand.

In the summary proceedings, instituted by Lecaroz & Co. against Andrés Avelino Delgado, for the collection of fourteen thousand seven hundred and ninety-one *pesos,* provincial money, interest and costs, by an order made on February 6, 1900, the properties attached, namely, a farm consisting of one hundred and eighty *cuerdas,* having on the premises a shingle-roofed two-story house, with siding and flooring of native wood, said house measuring twelve *varas* in front by fourteen deep, with a zinc-roofed wing forming a kitchen, eight *varas* front by sixteen deep; a warehouse containing at one end a coffee-pulper, tanks, etc., also zinc-roofed, and a frame house sixteen *varas* in front by five deep, likewise zinc-roofed, used as quarters for peons; another farm consisting of thirty-six *cuerdas,* and a third farm of thirty-two *cuerdas,* having a zinc-roofed dwelling house and kitchen, with flooring and siding of native wood; which three farms are situated in *barrio* "Angeles," municipal district of Utuado, and were awarded to Lecaroz & Co. for three-fourths of the appraised value; and Lecaroz & Co. having transferred said award to

can en el barrio de Angeles, del término municipal de Utua-
do; y habiendo cedido Lecaroz y Ca., tal adjudicación á Don
Vicente Aquilué se dió á éste la correspondiente posesión
judicial en dos de Abril del mencionado año.

*Resultando*: que según juicio de los peritos Don Vicente
Viñas, Don José Escuté y Don José Ricarte, los dos glasis ó
secaderas de mampostería, el ranchón de diez y seis varas
de largo por siete de ancho y las dos casitas ó bohíos em-
bargados por Don José Domingo Abreu se encuentran en-
clavadas en la finca de ciento ochenta cuerdas de que se deja
hecho mérito, mientras que la casa de madera del país
techada de paja de cinco varas de largo por seis de ancho, y
la otra casa de ocho varas de frente por seis de fondo, de
maderas del país y techada de yaguas radican en la finca
rústica de treinta y seis cuerdas ya mencionada.

*Resultando*: que si bien los mismos peritos citados mani-
festaron en su informe ratificado bajo juramento que la
porción de sesenta cuerdas de terrenos embargados por Don
José Domingo Abreu como de la propiedad de Don Andrés
Avelino Delgado forman parte integrante de las ciento
ochenta cuerdas de terreno adjudicadas á Lecaroz y Ca. y
cedidas por éste á Don Vicente Aquilué, colindando dicha
porción por el Norte, Este y Oeste con Don Vicente Aquilué
y por el Sur con el camino nuevo y viejo de Lares, esos
mismos peritos en ampliación de su dictamen no estuvieron
conformes, pues Viñas afirmó que las sesenta cuerdas em-
bargadas á Delgado están comprendidas dentro de las ciento
ochenta cuerdas de Aquilué, Ricarte que creía lo mismo que
Viñas, aunque sin poder asegurarlo, y Escuté que no podía
precisarlo, por no habérsele suministrado datos suficientes.

*Resultando*: que Don José Domingo Abreu confiesa que
era dueño de la finca de ciento ochenta cuerdas, la que des-
pués adquirió Delgado y fué adjudicada á Lecaroz y Ca., por
cuya Sociedad fué cedida á Don Vicente Aquilué, habiendo

Vicente Aquilúe, judicial possession of the same was given the latter on April 2 of that year.

According to the opinion of the expert witnesses, Vicente Viñas, José Escuté and José Ricarte, the two masonry terraces for drying coffee, the shed of sixteen by seven *varas* and the two small houses or huts attached by Abreu, stand within the farm of one hundred and eighty *cuerdas* to which reference has been made, while the thatched houses respectively of five by six *varas*, and eight *varas* front by six deep, both of native wood, stand within the aforementioned farm of thirty-six *cuerdas*.

Although the same experts stated in their report, ratified under oath, that the sixty *cuerdas* tract attached by José Domingo Abreu, as belonging to Andrés Avelino Delgàdo, forms an intergal part of the one hundred and eighty *cuerdas* of land awarded to Lecaroz & Co., and transferred by the latter to Vicente Aquilúe, said tract being bounded on the north, east and west by property of Vicente Aquilúe, and on the south by the old and new roads leading to Lares, in an amplification of their report said experts did not agree, for Viñas asserted that the sixty *cuerdas* attached as belonging to Delgado are comprised within the one hundred and eighty *cuerdas* belonging to Aquilúe. Ricarte was of the same opinion, although not positive about it, and Escuté stated that he could not speak definitely, because he had not been furnished with sufficient data.

José Domingo Abreu confessed that he was at one time owner of the one hundred and eighty *cuerdas*, which had been acquired by Delgado and afterwards awarded to Lecaroz & Co., which firm had transferred it to Vicente Aquilúe, the

colindado por el Sur ·con el camino de Lares y el río de
Angeles, conviniendo Delgado en que ciertamente dicha finca
la fué adjudicada en pago de un crédito contra la herencia
de Doña Petra Rodríguez, esposa del Abreu; y examinados
en el acto del juicio oral diez testigos, á instancia de Aquilué,
ocho de ellos declararon contestes que la finca de sesenta
cuerdas embargadas como de Delgado forman parte de las
ciento ochenta cuerdas adjudicadas á Lecaroz y Ca., y
cedidas por éstos al tercerista, afirmación no contradicha
por los otros dos testigos.

*Aceptando* los considerandos de la sentencia recurrida,
menos los marcados con los números 5º y 8º, como también
se acepta el segundo del auto aclaratorio de la misma.

*Considerando*: que en el presente juicio no sólo es ma-
teria de debate el dominio de las sesenta cuerdas de terreno
embargadas por Don José Domingo Abreu como de la pro-
piedad de Don Andrés Avelino Delgado, sino que también
se ha discutido la propiedad de las casas, ranchos, glasis y
demás fabricaciones igualmente embargadas por Abreu,
como lo revela el escrito de demanda, en cuya súplica pidió
Don Vicente Aquilué se declarara á su favor por sentencia
el dominio de tales terrenos y fabricaciones, á cuya preten-
sión se ha opuesto el demandado Abreu, habiéndose propues-
to pruebas por el tercerista en justificación de todos ·los ex-
tremos de su pretensión, por lo que es obvio que sobre todos
esos puntos litigiosos debe dictarse resolución.

*Considerando*: que acreditado como ha· sido en el juicio
que las casas, ranchos, glasis y demás fabricaciones que con
las sesenta cuerdas de terreno embargadas reclama como de
su propiedad el tercerista Don Vicente Aquilué, están ubi-
cadas en terrenos que fueron adjudicados en juicio ejecutivo
seguido por Lecaroz y Ca. contra Don Andrés Avelino Del-
gado en cobro de pesos, habiendo sido Aquilué puesto en

same being bounded on the south by the Lares road and the "Angeles" river; and Delgado admitting that said farm had been awarded to him in satisfaction of a credit against the estate of Petra Rodríguez, Abreu's wife; and ten witnesses having been examined at the oral hearing at the request of Aquilúe, eight of them testified to the effect that the sixty *cuerdas* attached in the proceedings against Delgado, formed part of the one hundred and eighty *cuerdas* awarded to Lecaroz & Co., and transferred by the latter to the plaintiff in intervention, which testimony was not contradicted by the other two witnesses.

The conclusions on which the judgment appealed from is based, with the exception of the fifth and eighth thereof, are accepted, as also the second  of the decision in elucidation thereof.

In the present suit the question at issue is not only the ownership of the sixty *cuerdas* of land attached by José Domingo Abreu, as belonging to Andrés Avelino Delgado, but also the ownership of the houses, sheds, terraces and other constructions likewise attached by Abreu, as shown by the complaint wherein Vicente Aquilúe prays that judgment be rendered declaring that said lands and constructions belong to him, which claim was opposed by the defendant Abreu, proofs being submitted by the plaintiff in intervention, in justification of each and every one of his claims, wherefore it is obvious that a decision must be rendered upon all these controverted points.

At the hearing it has been shown that the houses, sheds, terraces and other constructions claimed by the plaintiff in intervention, Vicente Aquilúe, together with the sixty *cuerdas* attached by Abreu, stand upon lands which were awarded in summary proceedings instituted by Lecaroz & Co. against Andrés Avelino Delgado for the recovery of money, Aquilúe having been put in possession thereof by virtue of a transfer

posesión de esos terrenos á virtud de cesión que de aquella adjudicación le hiciera la Sociedad expresada, sin que de tal posesión se excluyera cosa alguna de las que los terrenos comprendieran, es claro que Aquilué, al practicarse el embargo que originó la tercería, estaba también en posesión de las casas, ranchos, glasis y demás fabricaciones que en los terrenos había, y en esa posesión legal debe ser amparado por no haber presentado los demandados título alguno superior para acreditar que debe ser privado de ella.

*Considerando*: que procediendo como procede desestimar en su totalidad las pretensiones del opositor Don José Domingo Abreu, debe éste ser condenado en todas las costas causadas en el Tribunal Inferior.

Vistos los textos legales que en la sentencia se citan y además los Artículos 446, 448 y 449 del Código Civil aplicable al caso.

Fallamos: que confirmando en lo conforme y revocando en lo demás la sentencia recurrida y el auto aclaratorio de la misma, debemos declarar y declaramos con lugar en todas sus partes la tercería de dominio interpuesta por Don Vicente Aquilué, con relación al predio de sesenta cuerdas y fabricaciones que se expresan en la demanda, y mandamos se alce el embargo practicado sobre todo lo que ha sido materia de este juicio, lo que quedará á la libre disposición de Don Vicente Aquilué con los frutos que haya dejado de percibir con motivo del embargo cuya anotación en el Registro de la Propiedad será cancelada, con las costas del juicio á cargo del opositor Don José Domingo Abreu, y las de los recursos en la forma ordinaria; y devuélvanse los autos al Tribunal de Arecibo con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Sulzbacher y MacLeary.

El Juez Asociado Sr. Figueras no formó Tribunal en la vista de este caso.

of said award made to him by Lecaroz & Co. without excluding anything contained therein, it being therefore evident that Aquilúe, at the time the attachment was made which gave rise to the complaint in intervention, was also in possession of the houses, sheds, terraces and other constructions, which stood on said lands, and in such legal possession he should be protected, the defendants having failed to present any better title to show that he should be deprived of said possession.

Inasmuch as all the claims of the opponent, José Domingo Abreu, should be dismissed, all the costs incurred in the lower court must be imposed upon him.

In view of the legal authorities cited in the judgment, as also articles 446, 448 and 449 of the Civil Code, applicable to the case, we adjudge that affirming the judgment and the elucidation thereof appealed from, so far as they agree with the above considerations, and reversing the same as to the other points, we should sustain and do sustain the complaint in intervention of ownership instituted by Vicente Aquilúe with reference to the tract of sixty *cuerdas* of land and constructions mentioned in said complaint, and order that the attachment levied upon all the properties involved in this suit, be dissolved, and that the same be left at the free disposal of Vicente Aquilúe, together with such products as he may have been deprived of by reason of the attachment, the entry thereof in the Registry of Property must be canceled, and costs of the trial imposed upon José Domingo Abreu, as also the costs of the appeal, in the ordinary manner. The record is ordered to be returned to the court of Arecibo, with the proper certificate.

Chief Justice Quiñones and Justices Sulzbacher and MacLeary concurred.

Mr. Justice Figueras did not sit at the hearing of this case.